**Long Qiang ZHANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Peter D. Keisler,[1] Acting U.S. Attorney General, Respondents.**

No. 07–0734–ag.

United States Court of Appeals, Second Circuit.

Oct. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Peter D. Keisler, Acting Attorney General and former Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director; John P. Devaney, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Long Qiang Zhang, a citizen of the People's Republic of China, seeks review of a February 5, 2007 order of the BIA affirming the August 2, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Long Qiang Zhang,* No. A 98 350 318 (B.I.A. Feb. 5, 2007), *aff'g* No. A 98 350 318 (Immig. Ct. N.Y. City, Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's

factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, we agree with the government that by failing to raise relevant arguments in his brief to this Court, Zhang has waived any challenge to the agency's denial of his claims based on his fear of persecution by loan sharks. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ Next, the BIA and IJ reasonably found that Zhang failed to establish eligibility for relief based on his claim that he fears being subjected to China's family planning policy. In light of the fact that Zhang is currently unmarried and does not have any children, the agency appropriately found his fear too speculative, and thus objectively insufficient, to establish a well-founded fear of persecution. *See, e.g., Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (holding that "[i]n the absence of solid support in the record for Huang's assertion that he will be subjected to forced sterilization, his fear is speculative at best"); *Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (finding that a well-founded fear of persecution could not be based on a petitioner's speculation that he would be subject to persecution due to the fact that he had one child by his current wife and another child residing in China from a different relationship).

■ Additionally, the IJ accurately concluded that Zhang had not established eligibility for relief based solely on the claim that his mother was forcibly sterilized. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (holding that children of individuals directly victimized by coercive family planning policies are precluded "from establishing that they are *per se* as eligible for relief as those directly victimized, themselves"); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 312 (2d Cir.2007) (en banc).

■ Substantial evidence also supports the agency's determination that Zhang failed to establish eligibility for asylum, withholding of removal, or relief under the CAT based on his illegal departure from China. In rendering his decision, the IJ considered the evidence of record and reasonably concluded that while Zhang may face a fine and brief detention, the record did not support his claim that he would suffer persecution or torture. Specifically, the IJ evaluated the 2004 State Department Profile of Asylum Claims and Country Conditions which reports that "U.S. officials in China have not confirmed any cases of abuse of persons returned to China from the United States for illegal entry" and that "fines are rare." JA at 106. The IJ acknowledged that the evidence of record indicates that torture occurs in China, but reasonably found that this evidence fails to establish that Zhang, in particular, would be persecuted or tortured for having departed China illegally. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending request for oral argument in this petition is DENIED in accordance with Fed-

eral Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).